Name: Gileen VeRA Paschal

Address: 564 Big Bend Way #K, Oceanside CA. 92058

Telephone Phone: (760) 433-8477 / (cell(619) 723-8519

Email: gileenpaschal@gmail.com

**FILED**

Jul 22 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ aishahs          DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

Gileen V. Paschal

Plaintiff(s),

v.

Robert Wilkie, the
Secretary of Veterans
Affairs,

Defendant(s).

Case No.: **'19 CV 1362 WQH LL**

(assigned at time of filing)

**COMPLAINT**

I. **RELATED CASES**

a. Do you have other Civil Case(s) in this or any other federal court?

☐ Yes   ☒ No

b. If yes, please list the case numbers here:

II. **STATEMENT OF CLAIM** *(Briefly state the facts of your case. Describe how each defendant is involved, and tell what each defendant did to you that caused you to file this suit against them. Include names of any other persons involved, dates, and places.)*

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## WESTERN REGIONAL OFFICE

GILEEN V. PASCHAL,
                Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBER
SF-315H-19-0284-I-1

DATE: June 27, 2019

Sona Anderson, San Diego, California, for the appellant.

Eric LaZare, San Diego, California, for the agency.

### BEFORE
LuNell C. Anderson
Administrative Judge

### INITIAL DECISION

introduction

On March 11, 2019, the appellant timely filed a petition for appeal challenging the agency's decision to terminate her during her probationary period from a competitive service appointment with the agency as a Veterans Service Representative, GS-0996-07, at the Veterans Benefits Administration in San Diego, California. Initial Appeal File (IAF), Tab 1. The appellant requested a hearing. *Id.* The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 7.

For the reasons discussed below, the agency's motion to dismiss is GRANTED and the appeal is DISMISSED for lack of jurisdiction without a hearing.

### ANALYSIS AND FINDINGS

Probationary employees in the competitive service who have less than one year of current, continuous service under other than a temporary appointment limited to one year or less and employees serving in the first year of a Veterans Recruitment Appointment have limited rights of appeal to the Board. *See* 5 C.F.R. §§ 307.105, 315.806. It is undisputed that, at the time of her termination, appellant had not completed the one year probationary period as she began her employment on March 4, 2018, and was terminated on February 26, 2019. IAF, Tab 1, p. 10; Tab 6, p. 14. Thus, I find the appellant was still serving in her trial period at the time of her removal.

*The appellant's termination was not the result of discrimination based on partisan political reasons or marital status*

An employee within the first year of her trial period who is terminated for post-appointment reasons may appeal her termination on the grounds that it was the result of discrimination based on partisan political reasons or marital status. *See* 5 C.F.R. §§ 315.804, 315.806, 316.304(b). In this case, the stated reasons for the appellant's termination were performance issues that occurred after the appellant was appointed to her position, and the appellant has not alleged that her removal was based on conditions arising prior to her appointment. Also, the appellant does not claim that her termination was the result of discrimination based on partisan political reasons or marital status. Instead, she alleges that she was unfairly terminated because her reasonable accommodation requests were not fulfilled. The Board is confined to hearing only the issues stated in § 315.806(b) (c), and since the appellant does not claim discrimination based on partisan political reasons or marital status and the agency followed the procedural requirements, the Board does not have jurisdiction. *See* 5 C. F. R. § 315.806(b) (c). To terminate a probationer for post-appointment reasons such as unacceptable performance, an agency need only give her written notice of the agency's conclusion regarding the inadequacies of her performance. 5 C.F.R. § 315.804(a). The agency provided such notice to appellant. IAF, Tab 7.

5

For these reasons, I conclude that the appellant's challenge to the agency's termination of her provisional appointment during her probation period does not fall within the jurisdiction of the Board.  *See* 5 C.F.R. §§ 315.804, 315.806, 316.304.[3]

Decision

The agency's action is AFFIRMED.


FOR THE BOARD:                           /S/
                                        LuNell C. Anderson
                                        Administrative Judge

### NOTICE TO APPELLANT

This initial decision will become final on **August 1, 2019**, unless a petition for review is filed by that date.  This is an important date because it is usually the last day on which you can file a petition for review with the Board.  However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.  If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first.  You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

BOARD REVIEW

---

3 In view of the dismissal of the appeal for lack of jurisdiction, the appellant's motion to compel will not be addressed.

6

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

> The Clerk of the Board
> Merit Systems Protection Board
> 1615 M Street, NW.
> Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's eAppeal website (https://eappeal.mspb.gov).

NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than

12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R.

§ 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

notice OF APPEAL rights

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination.** This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. _____ , 137 S. Ct. 1975 (2017). If the action involves a claim of

11

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a courtappointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review

12

with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx



**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
11301 Wilshire Boulevard, Building 220, 2nd Floor
Los Angeles, CA 90073
Pacific District

In reply refer to: 08

June 12, 2019

VIA: UPS

Sona Anderson
8810 Rio San Diego Drive
San Diego, CA 92108

**SUBJECT: Notice of Final Agency Decision for the "Mixed Case" EEO Complaint of Gileen Paschal, Case No. 200P-0377-2019102162, filed April 11, 2019, against officials of the Veterans Benefits Administration, Area West.**

1.  On February 27, 2019, the complainant initiated contact with an EEO Counselor. Counseling concluded on April 4, 2019, when she was mailed, via UPS, the Notice of Right to File a Discrimination Complaint, which you she received on April 9, 2019.[1] On April 11, the complainant filed a formal complaint of discrimination, VA Form 4939.

2.  The complainant's complaint of discrimination raises the following claim:

> **1.  Whether the complainant was discriminated against based on disability when:**

> **A)  Between March of 2018 and October of 2018, management failed to provide complainant with an effective, timely reasonable accommodation.**

> **B)  On February 26, 2019, management terminated complainant while on probation.**

3.  The formal complaint was filed on April 11, 2019; however, your client filed a Merit Systems Protection Board (MSPB) appeal with respect to the same exact claim on March 15, 2019. Where a claim that can be appealed to the MSPB involves an issue of discrimination, a complainant may choose to appeal the claim to the MSPB or file an EEO complaint, **but not both.** In this case, your client's MSPB appeal was filed first and constitutes an election to have the discrimination claim adjudicated in the MSPB forum. Equal Employment Opportunity Commission (EEOC) regulation 29 CFR 1614.302 (c)(2)(i) requires

---

[1] Complainant first indicated that Sona Anderson would be her representative shortly prior to the end of the informal counseling period.

Page 2
Notice of Final Agency Decision of Mixed Case
Gileen Paschal
200P-0377-2019102162

an agency to dismiss an EEO complaint when an MSPB appeal is filed before an EEO complaint on the same matter.[2]

4.  Therefore, the agency has **DISMISSED** your client's complaint, pursuant to the authority contained in **29 CFR 1614.107 (a) (4)**. This constitutes the **FINAL AGENCY DECISION** on the discrimination complaint.

5.  Your client must bring the allegations of discrimination contained in the dismissal to the attention of the MSPB pursuant to 5 CFR 1201.155. Your client may petition the EEOC to consider the MSPB's final decision on their discrimination case. The MSPB address is as follows:

> **Western Regional Office: 201 Mission Street, Suite 2310**
> **San Francisco, CA 94105-1831**
> **Tel. No.: (415) 904-6772; Fax No.: (415) 904-0580**

6.  A dismissal of a mixed case complaint under the authority of 29 CFR 1614.302 (c)(2)(i) cannot be appealed to the EEOC except where it is alleged that the above authority has been applied to a non-mixed case matter. A non-mixed case matter would be a claim of discrimination that cannot be appealed to MSPB.

### APPEAL RIGHTS

This Final Agency Decision may be appealed within 30 calendar days of receipt of this decision. The appeal may be mailed to:

> **Equal Employment Opportunity Commission**
> **Office of Federal Operations**
> **P.O. Box 77960**
> **Washington, DC  20013**

Or hand delivered to:

> **Equal Employment Opportunity Commission**
> **Office of Federal Operations**
> **Appellate Review Programs**
> **131 M Street, NE**
> **Fourth Floor, Suite 4NWO2F**
> **Washington, DC 20507-0100**

Or sent by fax to:     **(202) 663-7022**

---

[2] On her formal EEO complaint, the complainant did not mention having filed a union grievance or having filed this complaint with any other entity. However, a copy of her MSPB appeal was provided to ORM and contains a note indicating that complainant filed a union grievance on the matters raised before MSPB. To that end, if evidence shows that she and/or the local union filed a grievance on the same subject matters, we reserve the option to base our dismissal of the current EEO complaint on that ground as well.

Page 3
Notice of Final Agency Decision of Mixed Case
Gileen Paschal
200P-0377-2019102162

A copy of the complainant's appeal to the EEOC must also be sent to the VA
Office of General Counsel at the following address:

**Department of Veterans Affairs
Office of General Counsel (024)
810 Vermont Avenue, NW,
Washington, D.C. 20420**

Statements or briefs in support of the appeal must be submitted to the EEOC
within 30 calendar days of the filing of the appeal.  A copy of any such statement
or brief, including any statements made on EEOC's "Appellant Docketing
Statement," must also be sent to the VA Office of General Counsel at the above
address.  If an appeal is filed with the EEOC, the appeal, and any subsequently
filed statement or brief, must contain a statement certifying the date and method
by which copies of these documents were served on the VA Office of General
Counsel.

If the complainant files an appeal with the Commission beyond the above-noted
time limit, s/he should provide the Commission with an explanation as to why the
appeal should be accepted despite its untimeliness.  If the complainant cannot
explain why timeliness should be excused, the Commission may dismiss the
appeal as untimely.

A copy of the complainant's appeal to the EEOC must also be sent to the
Regional EEO Officer at the following address:

**Department of Veterans Affairs
ORM
11301 Wilshire Boulevard
Building 220, 2nd Floor
Los Angeles, CA 90073**

## RIGHT TO FILE A CIVIL ACTION

The complainant also has the right to file a civil action in an appropriate United
States District Court.  A civil action may be filed:

Within 90 days of receipt of this final decision if no appeal to EEOC has
been filed; or,

If an appeal is filed with the EEOC, within 90 days after receipt of EEOC's
final decision on his appeal; or,

Page 4
Notice of Final Agency Decision of Mixed Case
Gileen Paschal
200P-0377-2019102162

>    After 180 days from the date of filing an appeal with the EEOC if there has
>    been no final decision by the EEOC.

If a civil action is filed, the complainant must name **Robert Wilkie, the Secretary
of Veterans Affairs,** as the defendant. Failure to provide the name and official
title of the Secretary of the Department may result in dismissal of the case.

If the complainant files a civil action under Title VII (discrimination due to race,
color, religion, sex, national origin, or reprisal); or under the Rehabilitation Act of
1973, as amended, (discrimination due to disability), and if s/he does not have, or
cannot afford the services of, an attorney, the Court may upon his/her request,
appoint an attorney to represent him/her and permit the filing of the action without
payment of fees, costs, or other security. The grant or denial of the request is
within the sole discretion of the Court. Filing a request for an attorney does not
extend the time in which to file a civil action. Both the request and the civil action
MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date of receipt
of this final agency decision or, if this decision is appealed to the EEOC, within
NINETY (90) CALENDAR DAYS of the date of receipt of the EEOC's final
decision on the appeal.

7. If you have any questions concerning the processing of this complaint, please
contact Sterling Edward, EEO Case Manager, at **Sterling.Edward@va.gov** .

Sincerely,

*Sophia Eaves*

**Sophia Eaves**
Pacific District Manager

Enclosure:    EEOC Appeal Form

cc:    Gileen Paschal
       564 Big Bend Way
       San Diego, CA 92058

       Robert Smith, Facility Director

CONFIDENTIAL DOCUMENT – GENERATED IN THE ORM COMPLAINT AUTOMATED TRACKING SYSTEM (CATS)

**03/11/2019**

### Appeal Request

 I disagree with the Agency Discussion to terminate me; according to the "5 U.S.C § 2302(b)(1) and 7702; 5 C.F.R. Part 1201, Subpart E;  29 C.F.R. Part 1630 and  Appendix to Part 1630; 42 U.S.C. § 2000ff et seq. ;  29 C.F.R. § 1614.302-.308." I have also filed a complaint with the EEO in regards to this matter; as of this time, no decision has been made.


On March 5th 2018, I was hired on as a Veteran Service Representative (VSR) with a "Reasonable Accommodations." Prior to going to Denver for my VSR's training, I worked on Solicited and Unsolicited Mail to become familiar with operating the different software programs simultaneously; I was also instructed by my supervisor, Mario Capetillo that I needed to read and study the M21-1 in order to become a successful VSR; he also stated that if I had questions, I was not to disturb those around me because they were learning as well. I asked my supervision is it okay that I make a hard copy of the material that I needed to study to limit the questions concerning the material; my supervisor had given me permission to do so, but he also stated that I should keep in mind that the information can change. I made a folder and label it "Training Material" and put it inside your drawer; a few months later, I was no longer able to print out materials; and none of the printers in my area were functioning properly; so I started to take notes.

As far as working at my desk on my computer, some of the software programs that I worked on were VBMS, Letter Creator, and etc....which, will freeze up at least once or twice a day, and I would have to re-boot or close out of the program completely and start all over again.  I informed my supervisor as he also personally witnessed himself, the issues that I was experiencing on my computer; at this time, he had instructed me to contact the IT Department for assistance. When I call the IT Department for assistance, we would address the issue and I would continue working on mail claims.

After my VSR Training, I returned back to work on August 22, 2018.  I was still working on processing mail and experiencing software issues on my computer. I would call the IT Department for assistance and put in a ticket; sometimes the issue was resolved immediately and other times someone from the IT Department would IM me and stating "was I still having the same problem with the software program" nevertheless, I would continue to work on mail processing. Two to three weeks later, I started to work on actual claims, which caused me to work with 3 to 4 various software programs simultaneously and I started having more frequent software issues on my computer.

As one of my Reasonable Accommodations,' In October, 2018 the IT Department installed ZoomText software on my computer and a keyboard with larger font size at my work station. The software program, ZoomText is a magnification computer software program that is used for adjusting the font size, and color with voice navigation.

On December 28, 2018 I was called in the office by JaVon Chisley (Assistant Coach) for my monthly performance review. JaVon Chisley stated that I was doing well and that I needed to just keep working on my claims (an Email sent out for this meeting).

On January 09, 2019, my supervisor, Mario Capetillo came over to my cubicle and said it was time for my second monthly review. I went inside his office and he stated that I needed to finish at least 14 claims per day in order for me to catch up, and 17 claims to be at an exceptional performance level; at this point, I expressed my concerns and said to him that I thought I was doing well according to the previous meeting I had with JaVon Chisley; next, I asked him could I stay a little later so I can complete more claims. His response was no because if I've stayed later, I was required to complete even more claims, which would hurt me even more. He had also informed me that if I did not produce, the required amount of claims each day by the end of January, 2019, he would start the paper work-up for my termination. When I stated that I was still having computer software problems and issues on my computer his reply was that this happens to everyone, and I needed to continue working on claims and put in a

trouble ticket so that these tickets can be counted for as "Excluded Time;" and this way, these tickets could account for the time I am not working on claim; followed by his comment "Good Luck." I took my supervisor's advice on how to balance the two issues I was experiencing on my computer.

On/or around January 16, 2019, I was called in the office and advised by the assistant coach, JaVon Chisley that I should seek union representation because everyone has the right to do so. A few days following this meeting, I was given instructions by my supervisor, Mario Capetillo to reach out to a Union Representative because he could not, and that I would have to make the request myself.

Sona Anderson (Union Representative) had asked me why was I there to see her. My response was because I was told to come and seek a union representative by my supervisor. Next, she called my supervisor, Mario Capetillo to discuss my reason for being there. After she hung-up the phone with my supervisor, she assured me that everything is okay and that I had nothing to worry about. She also stated that we (Sona Anderson, Mario Capetillo, JaVon Chisley, and I) will have a meeting to discuss a plan on how I can produce the amount of claims needed in order to catch up.

During this "Informal" meeting, my supervisor told the Union Representative that I was 14 claims per day behind even though, I was constantly working on claims and putting in Trouble Tickets from the time he first informed me of the issue; next, he also asked if I would like to move, and my response was no, because when I spoke to you concerning this matter earlier in year, you told me to stay where I am because if I were to move, the problems that I was experiencing, would only follow me. And finally, The plan concerning my computer issues that was discussed during this meeting was the same as before, which was to continue working claims and put in a trouble ticket whenever I started to have computer issues and this will account for my time not working on claims, and this in turn, could be counted as "excluded Time" so I can make my numbers each day, which is exactly what I have been doing (An Email sent out).

On February 25, 2019, I received an initial Email from Marvin Rivas stating that he would like to meet with me at 1:00pm to discuss my probation, and I have a right to a Union Representative. I replied Okay, and I immediately emailed Sona Anderson for Representation, and she sent someone else instead on her behalf. I immediately informed my supervisor of this meeting and I asked him who is Kevin Rivas, what was this Email concerning, and where was his office located? My supervisor's response was that Kevin Rivas was the Department Manager, and he did not know what the Email meant, and where his office was located.

On February 26, 2019 I met with <u>Marvin Rivas,</u> and he told me that I was terminated due to a critical element of a VSR's performance standard output; a portion of the <u>Termination during Probationary Period</u> letter states "Your transaction goal from November 20, 2018, through February 22, 2019, was 433.52 transactions to meet the fully successful level. Your output from November 20, 2018 through February 22, 2019, was 326.00 transactions. You are not meeting this element of your performance standard cumulatively." This is the first time I seen or even heard of the above numbers.

Despite the numerous reports to IT Department about my challenges with equipment failure, I was asked to turn-in my ID card and escorted out of the building with Union personnel.

Thank you so...much!

Sincerely,

*Gileen V. Paschal*

Gileen V. Paschal



**DEPARTMENT OF VETERANS AFFAIRS**
**VA Regional Office**
**San Diego, CA  92108**

February 26, 2019                                        *Reply to:*  377/00

Gileen Paschal
Veterans Service Center
Department of Veterans Affairs
8810 Rio San Diego Drive
San Diego, CA  92108

SUBJ:  Termination during Probationary Period

1.  At the time of your Career-Conditional appointment on March 4, 2018, as a
    Veterans Service Representative, GS-0996-07 (Target 10), you were informed your
    employment would be subject to a one-year probationary period. The probationary
    period is an important part of the hiring process and during this time, supervisors
    are required to study an employee's potential closely to determine whether s/he is
    suited for successful government work. When it becomes apparent that an
    employee's conduct, general character traits or capacity do not meet the
    requirements for satisfactory service, the supervisor is required to initiate action to
    separate the employee.

2.  The Veterans Service Center Manager has recommended you be terminated from
    your position for failure to qualify during your probationary period. Your termination
    is due to you failing to meet a critical element of your performance standard output.
    Your output transaction goal from November 20, 2018, through February 22, 2019,
    was 433.52 transactions to meet the fully successful level.  Your output from
    November 20, 2018, through February 22, 2019, was 326.00 transactions.  You are
    not meeting this element of your performance standard cumulatively.

3.  The effective date of your termination will be at the end of your tour of duty on
    February 26, 2019. You must properly clear the facility, turn in any government
    property and clear any indebtedness prior to the release of your final paycheck.

4.  You may seek review of this action.  Such reviews include:

    a.  Appealing this action to the Merit Systems Protection Board (MSPB) if you
        allege you were discriminated against due to marital status or partisan

_____
Employee Initials

political reasons or your removal was not effected in accordance with the procedural requirements of 5 CFR 315.805*; or

b.  seeking corrective action before the U.S. Office of Special Counsel (OSC); or

c.  pursuing a discrimination complaint with the Office of Resolution Management (ORM).

An appeal, complaint, or review concerning this action may not be filed with more than one administrative body.  You shall be deemed to have exercised your option to appeal this action at such time as you timely initiate action to appeal to MSPB.  If you believe that this action constitutes a prohibited personnel practice under 5 U.S.C. § 2302(b), including retaliation for protected whistleblowing, you may elect to file an appeal to MSPB, or seek corrective action from OSC, and your election is based on which election you file first.  If you believe that this action was taken against you for discriminatory reasons, see paragraph six of this memorandum.



5.  Equal Employment Opportunity Commission (EEOC):  If you believe this action is based on discrimination on the basis of race, color, religion, sex, national origin, age or disabling condition, you may file a complaint of discrimination.  If you elect to file a complaint of discrimination, you may do so by contacting the Office of Resolution Management (ORM) at 1-888-566-3982.  Your complaint will be processed in accordance with EEOC regulations at 29 C.F.R., Part 1614.  Your initial contact with the ORM office must be done within 45 calendar days of the effective date of this action.

6.  Merit Systems Protection Board (MSPB):  If you appeal to the MSPB, your appeal may be submitted by mail, facsimile, by commercial overnight delivery, by electronic filing the MSPB Appeal Form (https://e-appeal.mspb.gov), or in person at any time after you receive this letter, but not later than 30 calendar days after the separation has been effected, or 30 calendar days after the date of the your receipt of this decision, whichever is later.  The address to mail your appeal is Merit System Protection Board (MSPB), Western Regional Office, 201 Mission Street, Suite 2310, San Francisco, CA, 94105-1831.  You must submit an original and one copy of both your appeal and all attachments.  If you do not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown.  The judge will provide you an opportunity to show why the appeal should not be dismissed as untimely.  A copy of the form is available by request if you are unable to access it at the MSPB website. Please refer to the MSPB website (www.mspb.gov) for information regarding the appeals process and procedures that must be followed.  You may be represented by an attorney or other representative of your choice.  If you decide to file an appeal with MSPB, you should notify the Board that the agency's point of contact for this appeal is:  Klaudia Barsi, Equal Employment Opportunity Program Manager, 8810 Rio San Diego Drive, San Diego, CA 92108, (619) 400-5400, klaudia.barsi@va.gov.

Employee Initials

7. <u>Office of Special Counsel (OSC)</u>:  If you elect to seek corrective action by the OSC's Complaints Examining Unit (<u>OSC Appeal Form</u>) (https://osc.gov/), your complaint will be limited to a determination as to whether the agency took one or more personnel actions against you in violation of 5 USC 2302(b) (prohibited personnel practices).  This can include, but is not limited to claims of reprisal for whistleblowing and/or engaging in protected activity.  If you are making a claim of retaliation for engaging in one or more protected activities and OSC dismisses your claim, you may have the right to file an individual right of action (IRA) appeal to the MSPB, but such an appeal will be limited to an adjudication of whether you proved that your protected activity was a contributing factor in the effected action.

8. Whichever option you may choose to pursue regarding this action (an appeal to the MSPB, a request for corrective action to OSC, or a discrimination complaint), shall be considered an election by you to proceed under that appeal process.

9. If you have any questions concerning this matter or the rights described above, or if you need assistance or additional information, please contact Francys Suarez, Human Resources Specialist, Room 4434, at (619) 400-5401.


Patrick C. Prieb
Director


I acknowledge receipt of the original and one copy of this letter.


_____         _____
Gileen Paschal                                               Date


_____
Employee Initials

1  **III.**    **RELIEF YOU REQUEST** *(State exactly what you want the court to do for you.*

2        *Do not use this space to state the facts of your claim.)*

3

4    I would like to return back to my fedederal

5    Job as an employee with adacrate Reasonable

6

7    Accomodations.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.    DEMAND FOR JURY TRIAL** *(Would you like a trial by jury on all claims pursuant to FRCP, Rule 38?)*

☐ Yes        ☐ No

I declare under penalty of perjury that the foregoing is true and correct.

_7/22/2019_
Date

_Gileen Vera Paschal_
Signature

_Gileen Vera Paschal_
Printed Name

4